Electronically Filed by Superior Court of California, County of Orange, 09/01/2026 11:53:58 AM.
30-2026-01596967-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

**ORANGE COUNTY EMPLOYMENT LAW FIRM PC**
Timothy M. Cojocnean (SBN: 324708)
Tim@OCEmploymentLawFirm.com
Kyungeun Park (SBN: 322734)
Carol@OCEmploymentLawFirm.com
523 North Fairview Street
Santa Ana, California 92703
Tel: (949) 506-6825
Fax: (949) 377-3240

Attorneys for Plaintiff JAE AN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

**Assigned for All Purposes**
Judge Sandy Leal

| | |
|---|---|
| JAE AN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FLOCK GROUP INC., a Delaware corporation doing business as FLOCK SAFETY; LAURA MANLEY, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 30-2026-01596967-CU-WT-CJC<br><br>**PLAINTIFF JAE AN'S COMPLAINT FOR DAMAGES FOR:**<br><br>**1. DISCRIMINATION – RACE, NATIONAL ORIGIN, COLOR (FEHA);**<br>**2. HARASSMENT – PROTECTED CATEGORY (FEHA);**<br>**3. FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION (FEHA);**<br>**4. RETALIATION – PROTECTED COMPLAINTS (FEHA);**<br>**5. WHISTLEBLOWER RETALIATION (LAB. CODE § 1102.5);**<br>**6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>**7. FAILURE TO PAY ALL WAGES WHEN DUE (LAB. CODE §§ 201–203);**<br>**8. FAILURE TO REIMBURSE EXPENSES (LAB. CODE § 2802); and**<br>**9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.** |

DEMAND FOR JURY TRIAL

Plaintiff, JAE AN, alleges, based on personal knowledge and/or information and belief:

## SUMMARY

This is an action by Plaintiff Jae An (hereafter, "Plaintiff" or "Mr. An"), a Korean-American Mid-Market Solutions Engineer, whose employment Defendants terminated on April 30, 2026 — sixteen days after he reported a customer's racially harassing conduct toward him, and roughly six weeks before his first equity vesting cliff — under the pretext of unspecified "performance issues," despite uniformly positive performance reviews, a merit raise five weeks earlier, and no prior warnings, performance improvement plan, or documentation. Plaintiff brings this action against Defendants for economic, non-economic, compensatory, and punitive damages under Civil Code Section 3294, pre-judgment interest under Code of Civil Procedure Section 3291, and costs and reasonable attorneys' fees under Government Code Section 12965 and Code of Civil Procedure Section 1021.5.

## PARTIES

1. **Plaintiff:** Plaintiff Jae An is, and at all times herein mentioned was, a resident of the City of Buena Park, County of Orange, California. Plaintiff was employed by Defendants remotely from Orange County, California.

2. *Defendants*:

3. Defendant FLOCK GROUP INC. is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, doing business as "Flock Safety" ("Flock"), with its headquarters at 1170 Howell Mill Road NW, Suite 210, Atlanta, Georgia 30318. Defendant FLOCK GROUP INC. employs approximately 2,000 employees and is, and at all times mentioned in this Complaint

was, authorized and qualified to do business throughout the State of California, including in the County of Orange, and did in fact regularly conduct business in the County of Orange.

4. Defendant LAURA MANLEY ("Manley") is, and at all times herein mentioned was, an individual residing in the County of Orange, State of California. At all relevant times, Manley was employed by Defendant Flock as a Sales Manager and acted as Flock's employee and agent.

5. *Doe Defendants*: Defendants Does 1 to 100, inclusive, are sued under fictitious names under *Code of Civil Procedure* Section 474. Plaintiff is informed and believes, and on that basis alleges, that each of Defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the Co-Defendants, and in taking the actions mentioned below was acting within the course and scope of Plaintiff's or Plaintiff's authority as such agent, servant, partner, and employee, with the permission and consent of the Co-Defendants. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

6. *Relationship of Defendants*: All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which is prohibited under *Government Code* Section 12940(i). All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acting within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of Defendants such that any individuality and separateness between or among those Defendants have ceased,

and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and always herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit corporate privilege abuse, sanction fraud, and promote injustice. All Defendants' actions taken by employees, supervisors, executives, officers, and directors during employment were taken on behalf of all Defendants. They were engaged in, authorized, ratified, and approved of by all other Defendants.

7. Defendants both directly and indirectly employed Plaintiff as defined in the Fair Employment and Housing Act ("FEHA") at *Government Code* Section 12926(d).

8. At all times relevant herein, Defendants were Plaintiff's employer, joint employer, and/or special employer within the meaning of the Labor Code and Industrial Welfare Commission Order No. 5-2001 and are liable to Plaintiff on that basis.

9. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff's protected status and activity:

a. Plaintiff is Korean-American.

b. Plaintiff was harassed based on his race, national origin, and/or color.

c. Plaintiff made protected complaints about being harassed based on his race, national origin, and/or color.

d. Plaintiff complained about Defendants' unlawful actions, policies, or procedures.

11. Defendants' adverse employment actions and behavior:

a. **Plaintiff's hiring:** Defendants hired Plaintiff effective June 16, 2025 as

a Solutions Engineer, later titled Mid-Market Solutions Engineer, reporting to Tyler Carlson, Senior Director of Sales. Plaintiff worked fully remotely from his home in Buena Park, California.

b. **Plaintiff's compensation:** Plaintiff's starting compensation was a base salary of $144,000 per year, plus quarterly incentive compensation, plus a stock-option grant of 9,749 shares subject to a vesting schedule with a one-year cliff followed by monthly vesting.

c. **Plaintiff's job performance:** Throughout his employment, Plaintiff performed his duties above expectations. Plaintiff received uniformly positive quarterly performance reviews in October 2025 and January 2026, and a year-end review in March 2026 in which his manager confirmed that he would "absolutely" re-hire Plaintiff.

d. On or about March 23, 2026, Defendants issued Plaintiff a letter confirming a merit increase of his base salary to $148,320, effective March 16, 2026. Plaintiff also received company-wide "High Five of the Week" recognition. At no time during his employment was Plaintiff placed on a performance improvement plan, issued any written or verbal warning, or subjected to any discipline whatsoever.

e. In or about early April 2026, Ashley Mrutu became Plaintiff's direct manager.

f. In or around late 2025 or early 2026, during a conversation reviewing a webinar recording, Defendant Manley remarked to Plaintiff, in words or substance, that the recording "sounds so real that it even caught your stutters and accents." Abby Aiken, Flock's Demand Generation Manager, was part of the conversation; no one present treated the remark as out of line. The remark communicated to Plaintiff that accent- and origin-based commentary was normalized at Flock and that Plaintiff was expected to play along with such comments to succeed. Flock has since taken down the webinar recording.

g. On or about April 14, 2026, during a recorded sales call, a customer —

Angel Siqueiros of Household Furniture Co. — subjected Plaintiff to unwelcome comments based on his race and national origin. Among other things, the customer interrogated Plaintiff about his origins, insisted that Plaintiff must have "South Korean blood," repeatedly remarked on Plaintiff's supposed accent, and recounted an extended story mocking a Korean woman's accented English.

h. **Plaintiff's protected complaint:** The same day, April 14, 2026, Plaintiff reported the incident to Ms. Mrutu via Slack and provided her the recording of the call. Ms. Mrutu and Mr. Carlson escalated Plaintiff's report to Defendants' Human Resources ("HR") department, including HR Business Partner Dalton Comiskey.

i. Defendants' management acknowledged in writing that "some horrible comments were made about Jae" on the call. Ms. Mrutu spoke with Plaintiff about the incident and assured him that HR and sales leadership would follow up with him directly. No one from HR or sales leadership ever did. Defendants' HR department never interviewed Plaintiff, never followed up with him, and took no corrective action of any kind. Plaintiff was told that Defendants had decided not to pursue the matter.

j. On or about April 21, 2026 — one week after Plaintiff's protected complaint — Defendants had Plaintiff execute his Q2 2026 incentive compensation plan, carrying a quarterly target of $9,000, countersigned by Ms. Mrutu.

k. On or about April 29, 2026, the day before his termination, Plaintiff led a cross-functional training session for a newly hired account executive, the second such session Plaintiff had led.

l. **Plaintiff's termination:** On April 30, 2026 — sixteen days after his protected complaint — Defendants terminated Plaintiff's employment on a video call that had been scheduled and presented to Plaintiff as his routine weekly one-on-one meeting, with Mr. Comiskey present unannounced. Ms. Mrutu cited unspecified "performance issues" and "poor cross-functional feedback" from unnamed colleagues. Defendants identified no documentation, no names, and no prior performance improvement plan or warning, because none existed. Plaintiff was immediately locked

out of all company systems.

m. **Plaintiff's equity:** As of the date of his termination, zero of Plaintiff's 9,749 stock options had vested. Plaintiff's termination came approximately six weeks before his one-year vesting cliff, thereby extinguishing equity that Defendants' own equity-management tooling valued at approximately $149,988.

n. **Plaintiff's final pay:** Defendants' incentive compensation plan provided that an employee whose employment ends mid-quarter receives the bonus and commissions earned through the last day of employment. Defendants revoked Plaintiff's access to the plan document on the day of his termination. On April 30, 2026, Defendants paid Plaintiff only his base salary for the preceding two weeks, in the net amount of $3,521.04. On May 1, 2026 — after his discharge — Defendants paid Plaintiff his earned Q1 2026 incentive compensation, in the net amount of $4,412.97.

Defendants never paid Plaintiff any incentive compensation earned in April 2026 under his Q2 2026 plan, including, without limitation, compensation attributable to two opportunities Plaintiff worked and which were recorded as closed-won before his separation: (a) a deal Plaintiff closed in April 2026 for a Kern County almond growers association carrying approximately $40,000 to $50,000 in contract annual recurring revenue; and (b) a deal with the Twenty-Nine Palms Band of Mission Indians for four to five mobile security trailers together with additional automated license-plate-recognition cameras, carrying in excess of approximately $120,000 in contract value.

Because Defendants revoked Plaintiff's access to all Company systems on the day of his termination, Plaintiff has been unable to review the customer-relationship-management records, attainment figures, or plan documents necessary to identify every opportunity credited to him or to calculate the precise amounts owed, and Plaintiff alleges these amounts on information and belief, subject to proof at trial. Despite Plaintiff's requests during his employment, Defendants never gave Plaintiff visibility into the cARR attainment figures used to compute his incentive compensation, and

Plaintiff is informed and believes, and on that basis alleges, that his Q1 2026 payout of $6,598 gross against a $9,000 target understated the amount he had earned.

To the extent Defendants contend that any condition on payment — including customer payment, the conclusion of a trial period, or Plaintiff's continued employment on a payment date — remained unsatisfied as of Plaintiff's separation, Plaintiff alleges that he performed all services necessary to earn that compensation before his separation and that any provision purporting to forfeit compensation so earned is unenforceable.

o. **Plaintiff's business expenses:** Plaintiff worked entirely from his home. Defendants paid Plaintiff a stipend of approximately $50 per month. Plaintiff's actual monthly out-of-pocket expenses necessarily incurred in performing his fully remote duties — including home internet service and personal cell phone use — exceeded that stipend, and Defendants failed to reimburse Plaintiff the difference, in violation of Labor Code Section 2802.

p. **Severance offer:** Defendants offered Plaintiff four weeks' pay ($12,360) and one month of COBRA coverage, conditioned on Plaintiff's execution of a broad general release of all claims, including claims under FEHA. Plaintiff declined.

12. On May 6, 2026, counsel for Plaintiff served on Defendants written notice of representation together with a written request for Plaintiff's employment records under Labor Code Sections 226 and 1198.5.

13. *Economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to Plaintiff's career, and lost wages, commissions, incentive compensation, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

14. *Non-economic damages*: Due to Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental

and physical pain and anguish, in a sum to be proven at trial.

15. *Punitive damages*: Defendants' conduct constitutes oppression, fraud, and/or malice under *Civil Code* Section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages. The conduct alleged herein was committed, authorized, and/or ratified by one or more officers, directors, and/or managing agents of Defendant Flock Group Inc. within the meaning of Civil Code Section 3294(b): Plaintiff is informed and believes, and thereon alleges, that his termination was reviewed and approved through Defendants' Q1 2026 calibration process involving Defendants' functional leadership and Human Resources; that Defendants' management, with knowledge of Plaintiff's protected complaint and of the harassing conduct acknowledged in writing by Defendants' own managers, authorized and ratified the termination and the failure to take corrective action; and that the individuals who so authorized and ratified that conduct exercised substantial discretionary authority over corporate policy concerning the matters at issue.

a. *Malice*: Defendants' conduct was committed with malice within the meaning of *Civil Code* Section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of Plaintiff's race, national origin, color, and/or good faith complaints, and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, and wrongful employment termination.

b. *Oppression*: In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of *Civil Code* Section 3294, including that Defendants' actions against Plaintiff because of Plaintiff's race, national origin, color, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a workplace free of

discrimination, harassment, retaliation, and wrongful employment termination.

c. *Fraud*: In addition, and/or Defendants' conduct, as alleged, was fraudulent within the meaning of *Civil Code* Section 3294, including that Defendants asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and depriving Plaintiff of legal rights.

16. *Attorney's fees*: Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. **Exhaustion of administrative remedies:** Before filing this action, Plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CRD") on August 27, 2026, CRD Matter Number 202608-36961327, naming Defendants Flock Group Inc. and Laura Manley as respondents, and by obtaining a right-to-sue notice issued by the CRD on August 27, 2026. This action is filed within one year of that notice.

**FIRST CAUSE OF ACTION**

**(Discrimination based on Race, National Origin, and/or Color in Violation of FEHA—Government Code § 12900, et seq.— Against Defendant Flock Group Inc. and Does 1 through 100)**

18. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

19. Defendants' conduct, as alleged, violated FEHA, Government Code Section 12900, et seq., and Defendants committed unlawful employment practices, including by the following bases for liability:

a. Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part

based on Plaintiff's race, national origin, and/or color, in violation of Government Code Section 12940(a);

b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part based on Plaintiff's race, national origin, and/or color, in violation of Government Code Section 12940(j);

c. Failing to take all reasonable steps to prevent discrimination and harassment based on race, national origin, and/or color, in violation of Government Code Section 12940(k);

d. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to provide such rights, in violation of Government Code Section 12940(h).

20. As a proximate result of Defendants' willful, knowing, and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

21. As a proximate result of Defendants' willful, knowing, and intentional discrimination, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish in a sum, according to proof.

22. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Under Government Code Section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

23. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

///

///

///

///

**SECOND CAUSE OF ACTION**

**(Harassment based on a Protected Category**

**in Violation of FEHA—Government Code § 12900, et seq.—**

**Against All Defendants)**

24. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

25. Defendants' conduct, as alleged, violated FEHA, *Government Code* Section 12900, et seq., and Defendants committed unlawful employment practices, including by the following bases for liability:

a. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part, based on Plaintiff's race, national origin, and/or color, in violation of Government Code Section 12940(j).

b. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on race, national origin, and/or color, in violation of Government Code Section 12940(k).

26. As alleged in this Complaint, Defendants' conduct was sufficiently pervasive to alter the terms and conditions of employment and the work environment such that it created a work environment hostile to Plaintiff.

27. Defendant Manley personally engaged in the harassing conduct alleged herein and is personally liable for that conduct pursuant to Government Code section 12940, subdivision (j)(3).

28. As a proximate result of Defendants' willful, knowing, and intentional harassment, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29. As a proximate result of Defendants' willful, knowing, and intentional discrimination, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish in a sum, according to proof.

30. Plaintiff has incurred and continues to incur legal expenses and attorney's

fees. Under *Government Code* Section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

**THIRD CAUSE OF ACTION**

**(Failure to Prevent Harassment, Discrimination, or Retaliation in Violation of FEHA—Government Code § 12940(k)— Against Defendant Flock Group Inc. and Does 1 through 100)**

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

33. Always herein mentioned, *Government Code* Section 12940(k) was in full force and effect. This statute made it unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

34. During the course of Plaintiff's employment, Defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment based on race, national origin, color, and/or other protected statuses or protected activities.

35. During Plaintiff's employment, Defendants failed to take reasonable steps to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of Plaintiff's protected status.

36. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of

earnings and other employment benefits.

37. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to Plaintiff's damage in a sum according to proof.

38. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Under *Government Code* Section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

39. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

**FOURTH CAUSE OF ACTION**

**(Retaliation for Engaging in Protected Activity – Protected Complaints – In Violation of FEHA—Government Code § 12900, et seq.— Against Defendant Flock Group Inc. and Does 1 through 100)**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

41. Plaintiff's complaints to Defendants about being harassed based on his race, national origin, and/or color, and Plaintiff's race, national origin, and/or color, were motivating factors in Defendants' decision to terminate Plaintiff's employment and to take other adverse employment actions against Plaintiff, in violation of FEHA, Government Code Section 12900, et seq.

42. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

anguish in a sum, according to proof.

43. As a result of Defendants' retaliation, Plaintiff has suffered general and special damages in sums according to proof.

44. Defendants' retaliation against Plaintiff was done intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling Plaintiff to punitive damages.

45. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Under Government Code Section 12965 and Code of Civil Procedure Sections 1021.5 and 1032, et seq., Plaintiff is entitled to recover reasonable attorney's fees and costs in an amount according to proof.

46. Defendants' conduct, as alleged, violated FEHA, *Government Code* Section 12900, et seq., and Defendants committed unlawful employment practices, including by the following separate bases for liability:

a. Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part based on Plaintiff's race, national origin, and/or color, in violation of Government Code Section 12940(a);

b. Retaliating against Plaintiff for his complaints to Defendants about the harassment he was experiencing, by taking adverse employment actions against Plaintiff, in violation of Government Code Section 12940(h);

c. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part, based on Plaintiff's race, national origin, and/or color, in violation of Government Code Section 12940(j);

d. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on race, national origin, and/or color, in violation of Government Code Section 12940(k);

e. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to recognize such rights, including

the right to be free of discrimination, in violation of *Government Code* Section 12940(h).

47. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

48. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to Plaintiff's damage in a sum according to proof.

49. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

50. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Under *Government Code* Section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**(Whistleblowing Retaliation—Violation of Labor Code § 1102.5, et seq.—Against Defendant Flock Group Inc. and Does 1 through 100)**

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

52. At all relevant times, *Labor Code* Section 1102.5 was in effect and was

binding on Defendants. This statute prohibits Defendants from retaliating against any employee, including Plaintiff, for raising complaints of illegality.

53. Plaintiff raised complaints of illegality while working for Defendants, and Defendants retaliated against Plaintiff by discriminating against Plaintiff, harassing Plaintiff, and taking adverse employment actions, including employment termination, against Plaintiff.

54. As a direct result of Defendants' misconduct, Plaintiff has sustained and will continue to sustain for a period of time in the future significant compensatory and general damages in an amount according to proof at the trial of this action.

55. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

56. As a proximate result of Defendants' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish in a sum, according to proof.

57. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Under Labor Code Section 1102.5(j) and Code of Civil Procedure Section 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

58. Defendants' misconduct was committed intentionally, in a malicious, despicable, oppressive, fraudulent manner, entitling Plaintiff to punitive damages against Defendants.

**SIXTH CAUSE OF ACTION**

**(Wrongful Termination of Employment in Violation of Public Policy— Labor Code § 1102.5; FEHA, Government Code § 12900, et seq.— Against Defendant Flock Group Inc. and Does 1 through 100)**

59. Plaintiff re-alleges and incorporates by reference all preceding

paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

60. Defendants terminated Plaintiff's employment in violation of fundamental public policies of the State of California. Specifically, Plaintiff's employment was terminated in whole or in part because of his race, national origin, and/or color, and because of his good-faith protected complaints of harassment and of Defendants' unlawful conduct. These actions violated FEHA, Government Code Section 12900, et seq., the California Constitution, and Labor Code Section 1102.5.

61. As a proximate result of Defendants' wrongful termination of Plaintiff's employment in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish in a sum, according to proof.

62. As a result of Defendants' wrongful termination of Plaintiff's employment, Plaintiff has suffered general and special damages in sums according to proof.

63. Defendants' wrongful termination of Plaintiff's employment was done intentionally, in a malicious, despicable, oppressive, and fraudulent manner, entitling Plaintiff to punitive damages.

64. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Under Government Code Section 12965(b); Code of Civil Procedure Sections 1021.5 and 1032, et seq., Plaintiff is entitled to recover reasonable attorney's fees and costs in an amount according to proof.

///

///

///

///

///

**SEVENTH CAUSE OF ACTION**

**(Failure to Pay All Wages, Commissions, and Benefits of the Employment When Due–Violation of Labor Code §§ 201-203—Against Defendant Flock Group Inc. and Does 1 through 100)**

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

66. Always herein mentioned, *Labor Code* Sections 201-203 were in full force and effect and governed the terms and conditions of Plaintiff's employment with Defendants.

67. Among other things, *Labor Code* Sections 201-203 provides that an employee is to be paid all wages, commissions, and benefits of employment that are due to Plaintiff as of the last day of Plaintiff's employment. Further, these statutes provide for "waiting time" penalties in the event of an employer violation.

68. At the time Plaintiff's employment ended on April 30, 2026, Plaintiff was owed wages, commissions, and incentive compensation that were due and payable, including his earned Q1 2026 incentive compensation, which Defendants did not pay until May 1, 2026 — the day after his discharge — and the incentive compensation he earned in April 2026 under his Q2 2026 plan attributable to the closed-won opportunities described above, which Defendants have never paid at all. Defendants thereby failed to pay all amounts then due, or at any time thereafter as required, causing Plaintiff to sustain the compensatory damages alleged herein in an amount according to proof at the trial of this action. Defendants' failure to pay was willful within the meaning of Labor Code Section 203, entitling Plaintiff to waiting-time penalties.

69. This action is also brought under *Labor Code* Sections 218, 218.5, and 216, which provide that any employee not receiving all wages earned by that employee is entitled to recover in a civil action, the unpaid balance of the full amount of this time

worked, including interest thereon, reasonable attorney's fees, and costs of suit.

**EIGHTH CAUSE OF ACTION**

**(Failure To Reimburse For Employment Related Expenses—**

**Under Labor Code § 2802—**

**Against Defendant Flock Group Inc. and Does 1 through 100)**

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein. As used in this cause of action, "Defendants" refers to Defendant Flock Group Inc. and Does 1 through 100, and does not include Defendant Manley.

71. At all relevant times herein, California Labor Code Section 2802 required an employer to indemnify an employee "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Labor Code § 2802(a). This includes costs associated with the use of a personal cell phone and home internet service for work-related purposes. "If an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for purposes of section 2802." Cochran v. Schwan's Home Service, Inc., 228 Cal. App. 4th 1137, 1144 (2014).

72. At all relevant times herein, Plaintiff incurred necessary business-related expenses and costs that were not adequately reimbursed by Defendants, including but not limited to the cost of home internet service and personal cell phone usage incurred in conducting business for Defendants. Plaintiff worked entirely remotely and was routinely required to use his personal cell phone and home internet service to receive and respond to email correspondence from his employer-issued e-mail account and to receive and respond to work-related calls, video conferences, and text messages.

73. At no point did Defendants conduct an appropriate analysis of what Plaintiff's monthly phone and internet bills were, or what "reasonable percentage" of them should be allocated as a reasonable and necessary business expense. Defendants

paid only a flat stipend of approximately $50 per month, which was less than the actual monthly out-of-pocket expenses Plaintiff necessarily incurred in performing his fully remote duties, and Defendants failed to reimburse Plaintiff the difference.

74. Defendants did not provide Plaintiff with a work-issued cell phone or pay for his home internet service, nor have they adequately reimbursed Plaintiff for the necessary expenses he incurred in using his personal cell phone and home internet service for Defendants' business.

75. At all relevant times, Defendants intentionally and willfully failed to adequately reimburse Plaintiff for necessary business-related expenses and costs. Defendants' practice of requiring Plaintiff to use his own personal cell phone and home internet service for work without proper reimbursement violates California Labor Code Section 2802.

76. Plaintiff has been damaged in an amount according to proof at trial, and seeks all amounts owed and due, penalties, interest at the rate set by Labor Code Section 2802(b), attorneys' fees, expenses, and costs of suit.

**NINTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress—**

**Against All Defendants)**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

78. Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

79. Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of Plaintiff's livelihood, would devastate Plaintiff and cause Plaintiff extreme hardship.

80. As a proximate result of Defendants' extreme and outrageous conduct,

Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

81. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish in a sum, according to proof.

82. Defendants' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling Plaintiff to punitive damages.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount according to proof as follows:

1. For a money judgment representing compensatory and economic damages, including lost wages, earnings, commissions, incentive compensation, equity and stock-option value, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;
2. For a money judgment representing non-economic damages, including damages for humiliation, emotional distress, and mental and physical pain and anguish, according to proof;
3. For all wages, commissions, and benefits of employment due and unpaid at the time of Plaintiff's discharge under Labor Code Sections 201 and 202, together with waiting-time penalties under Labor Code Section 203;
4. For recovery of all unreimbursed business-related expenses in an amount according to proof at trial, including statutory interest under Labor Code Section 2802(b);
5. For punitive damages under Civil Code Section 3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter

such conduct in the future;

6. For reasonable attorneys' fees, expert witness fees, and litigation expenses under Government Code Section 12965, Code of Civil Procedure Section 1021.5, and Labor Code Sections 218.5 and 1102.5(j), and/or any other applicable basis;

7. For costs of suit incurred herein;

8. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter, and for post-judgment interest at the legal rate; and

9. For such other and further relief as the Court may deem proper or just.

DATED: September 1, 2026, Orange County Employment Law Firm PC

By: ______________________
Timothy M. Cojocnean, Esq.
Attorneys for Plaintiff,
JAE AN

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

DATED: September 1, 2026, Orange County Employment Law Firm PC

By: ______________________
Timothy M. Cojocnean, Esq.
Attorneys for Plaintiff,
JAE AN